May Term,
1846.

STEPHENSON *v.* HEROD.

STEPHENSON
v.
HEROD.

Action of assumpsit commenced in the Circuit Court. Two counts, the first on a note for forty dollars, the second on an account stated for the same amount. After judgment against the defendant by default, the plaintiff entered a *noll. pros.* as to the second count. *Held,* that, under the statute of 1843, the plaintiff might have judgment for the amount of the note, but that the defendant was entitled to a judgment for costs.

ERROR to the *Daviess* Circuit Court.

*Monday,*
*July 20.*

DEWEY, J.—*Herod* sued *Stephenson* in assumpsit, in the Circuit Court, on a promissory note for forty dollars; he also added a count upon an *insimul computassent* for a like sum. After an interlocutory judgment by default against the defendant, the plaintiff entered a *nolle prosequi* as to the second count. The Court assessed the damages under the first count, and rendered a judgment in favour of the plaintiff for the amount of the note and for costs.

This is wrong so far as the costs are concerned. By the fifth section of the justice's act it is provided that actions of debt, covenant, or *assumpsit,* wherein the sum due or demanded shall exceed fifty dollars, and not exceed one hundred dollars, the Circuit Courts and justices of the peace shall have concurrent jurisdiction; but when the original amount specified in any bill, note, &c., shall have been reduced by credits indorsed thereon to a sum not exceeding fifty dollars, exclusive of interest, the action on the same shall be commenced before a justice of the peace; R. S. 1843, p. 864; or if commenced in the Circuit Court, as provided by the tenth section, p. 865, the plaintiff shall be adjudged to pay the costs. We conceive notes, &c., originally for a sum not exceeding fifty dollars to be within the spirit of these provisions. The plaintiff, having commenced his action in the Circuit Court on a note within the statute, was entitled to a judgment for the amount of the note; but there should have been a judgment in favour of the defendant for the costs. The count, with regard to which the plaintiff entered a *nolle prosequi* without explanation, cannot aid him. To suffer it to do so would be sanctioning an evasion of the statute. The declaration stands as if the second count never was in it. See *Hutchens* v. *Smith,* at this term.

May Term, 1846.

*Per Curiam.*—That part of the judgment which is against the defendant for costs is reversed with costs. Cause remanded, &c.

*J. S. Watts,* for the plaintiff.

*E. S. Terry,* for the defendant.